**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** **Plaintiff,** | * | **CIVIL NO. 03-CV-27** |
| **VS.** | * | **CRIMINAL NO. 01-CR-62** |
| **ALFRED ELLIOTT,** **DEFENDANT,** | * | |

**PETITION FOR MODIFICATION OF A SENTENCE PURSUANT TO TITLE 18 U.S.C. 3582 (C)(2).**

**COMES NOW,** The Defendant, ALFRED ELLIOTT (ELLIOTT,) and pursuant to title 18, United States Code §3582 (C)(2), and §1B1.10 of the United States Sentencing Guidelines, respectfully moves this Honorable Court to modify ELLIOTT's previously imposed term of imprisonment. To show good cause:

1. Since ELLIOTT was sentenced, Congress amended the Sentencing Guidelines reducing the sentencing range for offenses involving Crack-Cocaine because they overstated the seriousness of the offense and lead to unwarranted sentencing disparities, thereby contravening the goals of the Sentencing Act. (1)

The commission concluded that the problems associated with Cocaine based sentencing are "so urgent and compelling" that an immediate amendment to the guidelines was warranted as an interim measure until more fundemental and far-reaching remedies, including abolition of the 100 to 1 ratio (2) of Crack to powder Cocaine, can be implemented (3).

---

(1) See U.S. Sentencing Comm'n, report to Congress: Cocaine and Federal Sentencing Policy 6-8, 121 n.195 (May 2007) herin after May report.
(2) The validity of this ratio is before the Supreme Court now. See United States V. Kimbrough, 174 Fed. Appx 798 (4th Cir. 2006), Cert Granted, ____ U.S. will almost certainly impact ELLIOTT's Case.
(3) U.S. Sentencing Comm'n, Notice of submission to Congress of Ammendments to the Sentencing Guidelines effective November 1, 2007 72 Fed. Reg. 28, 558, 28, 573 (2007) (herin after Amendment Notice).

The Sentencing Commission's decision to promulgate amendments lowering the guidelines for Cocaine based offenses was the product of comprehensive studies and careful deliberation. In the words of the Commission:

> "In updating its assessment of Federal Cocaine sentencing policy, the Commission carefully considered the purposes of sentencing set forth in the Sentencing Reform Act of 1984, specifically the factors set forth in 18 U.S.C. §3553 (a), the objectives of the 1986 Act, and the factors listed in this 1995 legislation disapproving sentencing guideline penalty equalization at powder Cocaine levels. The Commission thoroughly examined the results of its own extensive data research project, reviewed the scientific and medical literature, considered written public comment and expert testimony at public hearings that included representatives of the Executive Branch, the Judiciary, the Medical and Scientific Communities, State and Local Law Enforcement, Criminal Justice Practitioners, Academics, and Community Interest Groups, and surveyed State Cocaine Sentencing Policies."

**May Report at 6-7.**

After conducting this exhaustive evaluation, the Commission's conclusions were clear and unequivocal: Sentencing for Crack offenses is broken requiring fundemental changes to conform with the intentions of Congress and basic principles of fair and proportionate punishment. The report stated, "the Commission maintains its consistently held positon that the 100-to-1 drug quantity ratio significantly undermines the various Congressional objectives set forth in the Sentencing Reform Act."

Id. The Commission further found that the pre-November 2007 guidelines "Overstate the seriousness of most Crack-Cocaine offenses and fail to provide adequate proportionality."

**May Crack Report at 8.**

The Commission further found that the Crack guidelines lead to unwarranted sentencing disparities based on race and overstated the relative harmfulness of Crack-Cocaine as compared to powder. Id.

**2.** ELLIOTT was found guilty on 1 count of possessing with the intent to distribute Cocaine base by a jury on October 12, 2001 and was then sentenced by this court under level 32 of the United States Sentencing Guidelines (Category 4) to a term of 168 months imprisonment on February 4, 2002 to be followed by 5 years supervised release.

**3.** In November of 2007, the United States Sentencing commission reduced the upper limit of the base offense levels in the drug quantity table under §2D1.1 of the United States Sentencing Guidelines to level 30 (Category 4) to a term of 135 months, eliminating previous base offense level of 32.

**4.** Under § 1B1.10 of the Sentencing Guidelines, this amendment **(9)** has now been made retroactive. Because ELLIOTT is eligible for this reduction, he respectfully requests this court to re-sentence him accordingly.

**5.** In that ELLIOTT, he prays this Honorable Court will re-sentence him to the lowest term of imprisonment allowed under Level 30 (Category 4) of the United States Sentencing Guidelines.

**6.** Due to being imprisoned and proceeding pro se, ELLIOTT has not contracted the United States Attorney regarding its position on this motion. However, in that this motion is within this Courts' discretion, ELLIOTT prays that same will be granted.

**WHEREFORE, ELLIOTT** prays this Honorable Court grant the requested relief.

Respectfully Submitted,

Alfred Elliott

ALFRED ELLIOTT
Reg. No. 05017-070
Defendant, Pro Se

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the office of the Assistant U.S. Attorney, Zacharish Cahafee, Fleet Center, 8th Floor, 50 Kennedy Plaza, Providence RI, 02903, this day 7 of FEB., 2008 by first class U.S. Mail.

ALFRED ELLIOTT
Reg. No. 05017-070
Unit 5752
P.O. Box 2000
Fort Dix, NJ 08640

Alfred Elliott